JOURNAL ENTRY AND OPINION
{¶ 1} Thomas Jones, d.b.a. Jones Construction Company, appeals the dismissal of his complaint against homeowner Elnora Dillard. He claims the trial court abused its discretion in issuing several journal entries and in denying his various motions for default judgment, contempt of court, and dismissal. We affirm.
 {¶ 2} The record reveals that in June, 2003, Jones entered into a contract with Elnora Dillard to perform work on her Warrensville Heights home. The contract price of the work was $32,400, with a ten percent retainer fee due at the time of signing the contract. Dillard paid the retainer fee and Jones began work on the property. During construction, Dillard made payments totaling $11,500. Sometime before the project was completed, an inspection by the Warrensville Heights housing department found several violations and ordered Jones to stop all work. At this point, Dillard asked Jones not to return and advised him that she would find another contractor to complete the project.
 {¶ 3} On February 2, 2004, Jones returned to the property to retrieve tools that he allegedly left at the site. He noticed that several of the tools were missing, but admittedly failed to advise Dillard. Instead, Jones contacted Dillard to demand the remaining monies due under the terms of the contract. When she refused, Jones filed a police report with the Warrensville Heights Police Department for his missing tools. A subsequent investigation of Dillard's garage by the Warrensville Heights police failed to uncover the missing tools.
 {¶ 4} On February 10, 2004, Jones filed a pro se complaint in Common Pleas court seeking $18,300 as remaining under the contract and $2,500 in punitive damages. Following Dillard's answer and cross-claim, Jones moved for contempt, default judgment, and an enforcement of the settlement agreement and/or in the alternative for an entry of judgment.
 {¶ 5} In February 2005, the trial court was advised of a possible settlement, but when the parties failed to settle, the case was then scheduled for trial. Both Jones and his counsel failed to appear for trial and the court dismissed the claims with prejudice for want of prosecution. Jones moved for reconsideration, which the trial court denied. He now appeals from this order in the assignments of error set forth in the appendix to this opinion.
 {¶ 6} As a preliminary matter, we note that App.R. 16(A)(3) requires a statement of the assignments of error and a reference to the place in the record where each error is reflected. Jones' statement of his first assignment of error, however, is approximately five pages in length and cites to no full journal entries. Instead, counsel for Jones generally asserts an abuse of discretion in the trial court's choice of language in its journal entries. Although not in full compliance with App.R. 16(A), we address Jones' general assertion regarding an abuse of discretion with respect to the court's language.
 {¶ 7} Jones contends that the trial court abused its discretion by not acting in a fair and impartial manner, as referenced by the language used in its journal entries. Although Jones interlaces language from certain journal entries with his own commentary, he cites to the following entry as indicative of partiality:
 "This Court hereby denies Plaintiff's 9-30-05 aforestated "demand" and further sua sponte sanctions Plaintiff's counsel in the amount of $50.00 to be paid to Defendants for attorneys (sic) fees incurred by defendants for having to review said Plaintiff's "demand" for the reasons that on 6/15/2005 Court orally heard said aforestanding motions, which said hearing and court's rulings thereupon were journalized on 6/21/2005. This Court is astounded by the fact that Plaintiff's counsel appeared in person for the first time on 6/15/2005 and entered an appearance and this Court met with counsel and informed same of its rulings, i.e., denial of plaintiff's motion to dismiss and denial of Plaintiff's motion for Enforcement of Settlement or in the Alternative for Entry of Judgment. This Court on 6/15/2005 actually explained to counsels its reasons for its decisions and set up a settlement conference because Plaintiff's counsel represented to the Court that a settlement would shortly be reached * * *. In fact, the primary reason why no settlement was reached and why the settlement conferences had to be continued and reset is that Plaintiff failed to provide defendants with its expert report on time * * *."
 {¶ 8} Jones also argues that this journal entry was not mailed out to all the parties. Instead, he asserts that counsel was unaware of any ruling and suggests that otherwise he would not have filed a demand for such.
 {¶ 9} The docket reflects that the trial court issued a thorough entry on June 21, 2005, a date prior to the filing of Jones' "demand." The order disposed of all pending motions and stated in pertinent part:
"Plaintiff's 4/15/2005 motion for court to issue an order granting judgment is hereby denied. Plaintiff's 2/25/2005 motion for enforcement of settlement or in the alternative for entry of judgment is denied. Plaintiff's 2/01/2005 motion to dismiss or in the alternative in limine is denied."
 {¶ 10} The trial court then went on to include a detailed explanation of why the motions were denied. As a court of record speaks through its journal entries, State ex rel. Marshall v. Glavas, 98 Ohio St.3d 297,2003-Ohio-857, all parties were clearly notified of the trial court's disposition of the pending matters, therefore, Jones had proper notice of the trial court's actions.
 {¶ 11} As for Jones' complaint concerning the particular language used in the journal entries, this court can find nothing indicative of an alleged partiality in the cited journal entries. Since Jones was properly notified of the court's decisions, and because of the absence of any language indicating a partiality for the defendant, we find that Jones' first assignment of error lacks merit.
 {¶ 12} Jones next asserts the following: error in the court's denial of his motion for contempt, various motions and renewed motions for default judgment, a motion for enforcement of settlement, a motion to dismiss or in the alternative in limine, a motion for a determination of the outstanding motions, and his motion for reconsideration and/or motion for relief from judgment or in the alternative for reconsideration of the January 11, 2006 dismissal. In his third and fourth assignments of error, Jones separately asserts error in the trial court's dismissal and subsequent denial of his motion for relief from judgment. As all three assignments of error address the trial court's actions respecting his motions, we address them together.
 {¶ 13} Jones claims error in the trial court's denial of his motions for default judgment and for contempt of court, and asserts that he was entitled to hearing on motions filed because of Dillard's failure to respond to the subpoena, her failure to appear at a pretrial and her failure to file her briefs in a timely manner.
 {¶ 14} First, "contempt" has been defined as the disregard for judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294, and "is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus. The standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. In re Mittas (Aug. 6, 1994), Stark App. No. 1994CA00053. Likewise, the grant or denial of default judgment is reviewed for an abuse of discretion. National City Bank v. Shuman, Summit Cty.App. No. 21484, 2003-Ohio-6116. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Jones' motions stated that the trial court ordered Dillard to release information concerning her homeowner's insurance policy within seven days of the May 26, 2004 hearing date. Since she failed to do so, Jones moved for both contempt sanctions and for default. A review of the trial court's order shows no such mandate and, instead, issued an order stating that, "[t]he court had not ordered defendant to provide any specific discovery as Plaintiff contends in his motion." See Sept. 24, 2004 Journal Entry.
 {¶ 16} A party cannot be in contempt for "disobeying" an unordered action. Likewise, default judgment cannot be entered on a party for this same reason. Therefore, we find that the trial court did not err in denying Jones' motions for default and for contempt, and that Jones was not entitled to a hearing on these matters.
 {¶ 17} Turning to Jones' assertion that the trial court erred in denying his motion for enforcement of settlement, we first address the applicable standard of review. "Because it is an issue of contract law, Ohio appellate courts must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court erred." Lepole v.Long John Silver's, Portage App. No. 2003-P-0020, 2003-Ohio-7198, at paragraph 14, quoting Continental W. Condominium Unit Owners Assn. v.Ferguson, Inc., 74 Ohio St.3d 501, 502, 1996-Ohio-158. Accordingly, the question is whether the trial court erred as a matter of law in denying the motion to enforce the settlement agreement.
 {¶ 18} It has long been held that if parties voluntarily enter into an agreement, the agreement becomes a valid and binding contract between the parties. Phillips v. Phillips, Stark App. Nos. 2004CA00105 and 2004CA00005, 2005-Ohio-231. It is essential that there is a "meeting of the minds" as to the essential terms of the agreement. Kostelnik v.Helper, 96 Ohio St.3d 1, 2002-Ohio-2985. However, it is clear from the record before this court that the parties had fallen short of reaching a settlement. While the trial court was advised of a possible, or tentative, settlement, it was never advised that the case had in fact settled. Moreover, the November 8, 2005 journal entry clearly states that mediation failed and ordered that the trial proceed as scheduled. Therefore, it was not error for the trial court to deny a motion to enforce an action that never existed.
 {¶ 19} Next, Jones takes issue with the court's denial of his motion to dismiss or in the alternative for limine. The motion sought to prevent testimony from any party other than Dillard due to her failure to submit an expert report. Loc.R. 21.1 requires each counsel to exchange written reports of expert witnesses expected to testify in advance of trial. Whether a party has complied with the Loc.R. 21 requirement to produce an expert report is a matter within the discretion of the trial court. David v. Schwarzwald, Robiner, Wolf Rock Co., L.P.A. (1992), 79 Ohio App.3d 786, 795. Unless the trial court is shown to have abused its discretion, its determination will not be reversed on appeal. Id.
 {¶ 20} The purpose of Loc.R. 21 is to avoid prejudicial surprise resulting from noncompliance with the report requirement. Id. at 795. Where there is no showing of prejudice, an appellate court will affirm the denial of a motion in limine based upon failure to comply with Loc.R. 21. Reese v. Euclid Cleaning Contractors, Inc. (1995),103 Ohio App.3d 141. Jones has set forth no argument or assertion as to how he was prejudiced by the denial of this motion. Likewise, he sets forth no case law supporting the reversal of this decision.
 {¶ 21} This assignment of error lacks merit.
 {¶ 22} Finally, Jones asserts error in the trial court's denial of his motion for relief from judgment regarding the dismissal with prejudice of Jones' complaint. The docket reflects that the trial court dismissed the matter when neither Jones nor his counsel appeared for the December 5th trial date. The case was dismissed with prejudice for failure to prosecute.
 {¶ 23} In Jones v. Hartranft, 78 Ohio St.3d 368, 1997-Ohio-203, the Ohio Supreme Court discussed the standard of review to apply in examining a dismissal with prejudice. The court noted the decision to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court, and an appellate court's review of such a dismissal is confined solely to the question of whether the court abused its discretion. Id. at 534. The court found the term "abuse of discretion" as it applies to a dismissal with prejudice for lack of prosecution implies an unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion. Id.
 {¶ 24} Jones' motion claimed that the trial was originally scheduled for December 8, 2005, and that it was only after mediation failed that the trial court changed the trial date to December 5, 2005, without the knowledge of Jones or his counsel. As previously discussed, a court speaks through its docket. The docket reflects a November 8, 2005 journal entry notifying the parties of the December 5, 2005 trial date. The record also reflects a November 15, 2005 journal entry reminding the parties of the December 5, 2005 trial date. Both Jones and his counsel are charged with this knowledge and, therefore, we cannot say that the trial court abused its discretion in dismissing the case with prejudice.
 {¶ 25} For these reasons, Jones' second, third and fourth assignments of error lack merit.
 {¶ 26} The ruling of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and PATRICIA A. BLACKMON, J., CONCUR
 APPENDIX
ASSIGNMENTS OF ERROR
"I. THE TRIAL COURT ERRED AND EXECUTED BEHAVIOR INDICATING A DEPARTUREOF FAIR AND IMARTIAL [SIC] TREATMENT OF THE PARTIES AND/OR WAS OTHERWISEIN ABUSE OF DISCRETION, INCLUDING BUT NOT LIMITED TO THE FOLLOWINGENTRIES OF THE COURT.[1]
 II. THE TRIAL COURT ERRED IN FINDING AGAINST THE PLAINTIFF'S MOTIONSFOR CONTEMPT OF COURT SANCTIONS AND DEFAULT JUDGMENT, MOTION FOR DEFAULTJUDGMENT, RENEWED MOTION FOR DEFAULT JUDGMENT, MOTION TO DISMISS OR INTHE ALTERNATIVE IN LIMINIE [SIC] MOTION FOR ENFORCEMENT OF SETTLEMENTAND/OR IN THE ALTERNATIVE FOR ENTRY OF JUDGMENT, PLAINTIFF'S MOTION FORTHE COURT TO ISSUE AN ORDER GRANTING THE JUDGMENT, PLAINTIFF'S MOTIONFOR DETERMINATION OF THE OUTSTANDING MOTIONS, PLAINTIFF'S MOTIONFOR RECONSIDERATION AND/OR MOTION FOR RELIEF FROM JUDGMENT OR IN THEALTERNATIVE FOR RECONSIDERATION OF THE JANUARY 11, 2006 DISMISSAL INERROR.
 III. THE TRIAL COURT ERRED DISMISSING PLAINTIFF'S CLAIMS WITHPREJUDICE AND DEFENDANT'S CLAIMS WITHOUT PREJUDICE ON 12-05-05.
 IV. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTIONS FOR RELIEFFROM JUDGMENT."
[1] See Appellant's brief, filed May 1, 2006, for an inclusive list of the trial court's journal entries.