[Cite as *Beacon Place at Church Sq. Homeowners Assn., Inc. v. Smith*, 2016-Ohio-4694.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103323**

# BEACON PLACE AT CHURCH SQUARE HOMEOWNERS ASSOCIATION, INC.

PLAINTIFF-APPELLEE

vs.

# GLORIA P. SMITH, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-787506

**BEFORE:** Kilbane, P.J., E.T. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 30, 2016

**ATTORNEYS FOR APPELLANT**

Marc E. Dann
Paul B. Bellamy
Grace Mary Doberdruk
The Dann Law Firm Co., L.P.A.
P.O. Box 6031040
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEES**

**For Beacon Place at Church Square
Home Association, Inc.**

M. Katherine Bushey
Garrett B. Humes
Robert E. Kmiecik
Kevin Fields
Kaman & Cusimano, L.L.C.
50 Public Square - Suite 2000
Cleveland, Ohio 44113

Ann E. Leo
Robert J. Koeth
Koeth Rice & Leo Co. L.P.A.
1280 West Third Street
Cleveland, Ohio 44113

**For the city of Cleveland**

Barbara A. Langhenry
Director of Law - City of Cleveland
Richard Bertovich
Chief Assistant Director of Law
601 Lakeside Avenue - Room 106
Cleveland Ohio 44113

**ATTORNEYS FOR APPELLEES (Cont.)**

**For KeyBank National Association**

Rachel Kuhn
Kaman & Cusimano, L.L.C.
50 Public Square - Suite 2000
Cleveland, Ohio 44113

James W. Sandy
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Boulevard - Suite 406
Cleveland, Ohio 44122

**For Physicians Ambulance**

Physicians Ambulance
P.O. Box 636
Gates Mills, Ohio 44040

**Also Listed**

John Doe, Unknown Spouse
1946 E. 84th Street
Cleveland, Ohio 44103

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Gloria Smith ("Smith"), appeals from the trial court's judgment adopting the magistrate's decision granting summary judgment in the foreclosure action brought by plaintiff-appellee, Beacon Place at Church Square Homeowner's Association ("Beacon Place") and granting default judgment to defendant-appellee, KeyBank National Association ("KeyBank"). For the reasons set forth below, we affirm.

{¶2} On July 20, 2012, Beacon Place filed a complaint for foreclosure against Smith for failing to pay her condominium association homeowner's assessments on the subject property located at 1946 E. 84th Street, Cleveland, Ohio. Beacon Place included KeyBank as a defendant in the lawsuit because of its interest in the subject property. Smith executed a promissory note in the amount of $176,550, and executed a mortgage granting KeyBank a security interest in the property in October 1988. Beacon Place also named the city of Cleveland ("City") and Physicians Ambulance as defendants because of liens they had on the property.

{¶3} On September 4, 2012, KeyBank filed its answer and a cross-claim against Smith.[1] KeyBank alleged that: (1) it had the first and best lien on the subject property; (2) Smith defaulted on the loan; and (3) Smith currently owed KeyBank the sum of $124,018.94 plus interest at a rate of 5.5 percent per annum from June 1, 2011.

---

[1]KeyBank previously filed its own foreclosure action against Smith, which was dismissed without prejudice. *See* Cuyahoga C.P. CV-12-788102.

KeyBank attempted service of the cross-claim on Smith via certified mail twice, which was returned on both attempts. Thereafter, KeyBank served the cross-claim on Smith via regular mail on November 16, 2012.

{¶4} On November 21, 2012, Smith filed an answer to Beacon Place's complaint. Smith did not address the allegations in KeyBank's cross-claim. Beacon Place then moved for default judgment and summary judgment on December 28, 2012. A hearing was held before a magistrate on Beacon Place's default judgment in March 2013. At the hearing, the magistrate determined that Smith timely filed an answer to Beacon Place's complaint and denied Beacon Place's motion for default judgment with regard to Smith. The magistrate granted Beacon Place's default motion with regard to the City and Physicians Ambulance. The magistrate gave Smith until April 30, 2013, to file a brief in opposition to Beacon Place's pending motion for summary judgment.

{¶5} On April 30, 2013, Smith filed an answer and counterclaim against Beacon Place. She did not file a brief in opposition to Beacon Place's motion for summary judgment. Beacon Place moved to strike the answer and counterclaim on May 20, 2013. By July 18, 2013, the trial court had not ruled on Beacon Place's motion, so it filed an answer to Smith's counterclaim. On February 10, 2014, the trial court granted, in a journal entry, Beacon Place's motion for summary judgment as to all claims. In the entry, the trial court ordered Beacon Place to submit a proposed magistrate's decision.

{¶6} Thereafter, on March 4, 2014, KeyBank filed a motion for default judgment against Smith and Physicians Ambulance. That same day, KeyBank filed a proposed

judgment entry adopting the magistrate's decision, a final judicial report, a supplemental final judicial report, and an attorney affidavit. Smith then appealed to this court in *Beacon Place at Church Square v. Smith*, 8th Dist. Cuyahoga No. 101109. We dismissed the appeal in April 2014 because the entry failed to state any details pertaining to the order of foreclosure.

{¶7} Following our dismissal, KeyBank refiled its motion for default judgment on June 24, 2014. KeyBank also filed a second supplemental final judicial report and a military affidavit. On July 28, 2014, the magistrate issued a decision granting Beacon Place's motion for default judgment against the non-answering parties and its motion for summary judgment. This decision did not address the merits of KeyBank's motion for default judgment, but recognized KeyBank's priority interest in the property for purposes of marshaling the liens. Smith never filed objections to the magistrate's decision.

{¶8} On August 20, 2014, the court held a hearing on KeyBank's motion for default judgment. At the hearing, KeyBank explained that Smith never filed an answer to its cross-claim even though she was served with the cross-claim via regular mail. KeyBank also explained that an attorney affidavit was filed with its previous motion for default judgment. Smith presented no evidence contesting service of the cross-claim and her default and no evidence that KeyBank failed to comply with local rules in seeking judgment. At the conclusion of the hearing, the magistrate granted KeyBank's motion for default judgment. The magistrate also issued a corresponding order stating that a

"hearing [was] held on [KeyBank's] motion for default judgment. [KeyBank's] motion for default judgment is granted as to the non-answering parties."

{¶9} In the interim, Beacon Place filed a motion to clarify the docket that the trial court's grant of summary judgment in its favor also disposed of Smith's counterclaim. Smith then filed a second appeal in *Beacon Place at Church Square v. Smith*, 8th Dist. Cuyahoga No. 101878. We dismissed the appeal because the matter was still pending in the trial court.

{¶10} On July 8, 2015, the trial court issued a judgment entry adopting the magistrate's decision. In the judgment entry, the trial court granted KeyBank's default judgment against Smith. The trial court also granted Beacon Place's motion for summary judgment against Smith. The trial court clarified that Beacon Place was entitled to summary judgment on all claims against Smith. With regard to Smith's counterclaim, the trial court stated: "[b]ased on the foregoing, [Beacon Place] is granted summary judgment on the validity of its liens, and by extension, is granted judgment as to [Smith's] counterclaim which attempts to dispute the validity of the computation of same." The trial court found that KeyBank was entitled to be paid out of the proceeds of any sale the amount of $124,018.94 plus interest at a rate of 5.5 percent per annum from June 1, 2011. The trial court then set the matter for a sheriff's sale on August 31, 2015.[2]

---

[2]A review of the trial court docket reveals that the property was sold at the sheriff's sale on August 31, 2015. However, the trial court has not yet confirmed the sheriff's sale.

**{¶11}** Smith now appeals, raising the following two assignments of error for review.

### Assignment of Error One

The trial court abused its discretion by granting default judgment to Appellee KeyBank.

### Assignment of Error Two

The trial court erred by adopting the magistrate's decision and by clarifying the decision to also include judgment for [Beacon] on [Smith's] counterclaim.

### Default Judgment — KeyBank

**{¶12}** In the first assignment of error, Smith argues the trial court abused its discretion when it adopted the magistrate's decision, granting KeyBank's motion for default judgment.

**{¶13}** An appellate court reviews a trial court's ruling on a motion for default judgment for an abuse of discretion. *Goodyear v. Waco Holdings, Inc.*, 8th Dist. Cuyahoga No. 91432, 2009-Ohio-619, ¶ 19, citing *Jones v. Dillard*, 8th Dist. Cuyahoga No. 87733, 2006-Ohio-6417. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

**{¶14}** Smith argues that the trial court abused its discretion when it granted KeyBank's motion for default judgment before the default hearing in August 2014.

Smith claims the court granted KeyBank's default judgment in the July 28, 2014 magistrate's decision. However, a reading of this decision establishes that the trial court did not grant KeyBank default judgment against Smith before the default judgment hearing. Rather, the magistrate states that he considered Beacon Place's complaint, motion for default judgment, and motion for summary judgment; KeyBank's answer and cross-claim; and Smith's answer. The magistrate granted Beacon Place's motion for summary judgment and motion for default judgment against the non-answering parties. A review of the record reveals that the magistrate determined on August 20, 2014, that KeyBank was entitled to default judgment.

{¶15} Smith further argues that KeyBank's motion for default judgment should not have been granted because KeyBank did not comply with the court's order and Loc.R. 24 of the Court of Common Pleas of Cuyahoga County, General Division ("Loc.R. 24"). Under Loc.R. 24, a motion for default judgment should be accompanied by a proposed magistrate's decision and a final judicial report. Smith contends that KeyBank failed to include a proposed magistrate's decision and a final judicial report with its motion for default judgment.

{¶16} In the instant case, a review of the record reveals that KeyBank initially filed its motion for default judgment on March 4, 2014. That same day, it filed both a proposed order adopting the magistrate's decision along with a final judicial report, a supplemental judicial report, and an attorney affidavit. KeyBank then refiled its motion for default judgment on June 24, 2014 (after the dismissal of her first appeal.) The

motion was set for a hearing on August 20, 2014. Prior to the hearing, the record demonstrates that KeyBank filed a second supplemental final judicial report and a military affidavit. Based on the foregoing, we find that KeyBank complied with Loc.R. 24.

{¶17} Moreover, we note that Smith never filed an answer to KeyBank's cross-claim. Under Civ.R. 55, a party is entitled to default judgment when a defendant has failed to plead or otherwise defend. *Waco Holdings* at ¶ 20; Civ.R. 55(A). If a party has appeared in the action, due process mandates that the party be afforded a reasonable opportunity to be heard after reasonable notice of such a hearing. *Zashin, Rich, Sutula & Monastra Co., LPA v. Offenberg*, 90 Ohio App.3d 436, 443, 629 N.E.2d 1057 (8th Dist.1993).

{¶18} In the instant case, KeyBank's cross-claim was served on Smith on November 16, 2014. Smith had 28 days to file an answer, but failed to do so. Civ.R. 12(A)(1). KeyBank also gave Smith notice of its motion for default judgment on July 28, 2014. Smith attended the default hearing on August 20, 2014, at which she stated that her issues were with Beacon Place.

{¶19} In light of the foregoing, we find that the trial court did not abuse its discretion when it granted KeyBank's motion for default judgment.

{¶20} Therefore, the first assignment of error is overruled.

<u>Motion for Summary Judgment—Beacon Place</u>

**{¶21}** In the second assignment of error, Smith argues the court erred when it granted Beacon Place summary judgment on its claims against Smith, including her counterclaim.

**{¶22}** We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows.

**{¶23}** Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

**{¶24}** Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing

that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

**{¶25}** In the instant case, Beacon Place filed its motion for summary judgment in December 2012. Smith never filed a brief in opposition to this motion. Instead, she filed a counterclaim against Beacon Place in April 2013. The magistrate did not rule on Beacon Place's motion until February 10, 2014, when it granted Beacon Place summary judgment as to all claims. The magistrate then issued a decision granting Beacon Place's motion for summary judgment on July 28, 2014, which was nearly 15 months after Smith filed her counterclaim. Smith never filed objections to the magistrate's decision.

**{¶26}** On August 19, 2014, Beacon Place filed a motion requesting the trial court clarify the docket that the grant of summary judgment in Beacon Place's favor also included Smith's counterclaim. Subsequently, in its entry adopting the magistrate's decision, the trial court granted summary judgment to Beacon Place "on the validity of its liens, and by extension, is granted judgment as to [Smith's] counterclaim which attempts to dispute the validity of the computation of same."

**{¶27}** While Smith contested the validity of Beacon Place's lien in her counterclaim, her assertion of a counterclaim in this case was not sufficient to defeat summary judgment. Civ.R. 56(C) and (E). The allegations in her counterclaim do not create an issue of fact regarding the validity of the lien.

**{¶28}** It is well established that if the moving party has satisfied its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden, outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. *Dresher*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264. If the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. _*Id.* at 293.

**{¶29}** Here, the record reveals that Beacon Place met its initial burden to demonstrate the absence of a genuine issue of material fact, and Smith failed to set forth specific facts to demonstrate the existence of a genuine issue of material fact. Thus, under of Civ.R. 56, the trial court's grant of summary judgment in Beacon Place's favor was proper._

**{¶30}** Accordingly, the second assignment of error is overruled.

**{¶31}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY EILEEN KILBANE, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR