**ASSET ACQUISITIONS GROUP, L.L.C., Appellee,**

v.

**GETTIS, Appellant.**

[Cite as *Asset Acquisitions Group, L.L.C. v. Gettis,*
186 Ohio App.3d 586, 2010-Ohio-950.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23225.

Decided March 12, 2010.

</div>

Yale R. Levy and Sean M. Winters, for appellee.

Kenneth D. Gettis, pro se.

---

GRADY, Judge.

{¶ 1} This appeal is taken from a final order of the court of common pleas granting the plaintiff's Civ.R. 55(A) motion for a default judgment in an action brought on a claim on an account.

{¶ 2} The action was commenced on May 1, 2007, by Asset Acquisitions Group, Inc. The complaint alleged that a debt of $1,605.44 is due, owing, and unpaid by defendant, Kenneth Gettis, to Clout Financial Services on a credit card account. The complaint further alleged that Clout Financial Services assigned its rights on its claim against Gettis to Asset Acquisitions.

{¶ 3} Civ.R. 10(D) stated:

{¶ 4} "When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading."

{¶ 5} A document prepared by Asset Acquisitions and captioned "Charge Off Statement" was attached to the complaint. It states that an amount of $1,605.44,

relating to a specified account number, is past due from Gettis. Neither the agreement creating the account, the parties to it, or their course of dealings resulting in the amount allegedly owed are identified.

{¶ 6} Gettis was served by certified mail with a summons and a copy of the complaint on May 25, 2007. He did not file a responsive pleading or otherwise appear in the action. His failure to do so within 28 days after he was served exposed Gettis to a judgment against him by default. Civ.R. 55(A) provides that "the party entitled to a judgment by default shall apply in writing or orally to the court therefor."

{¶ 7} On July 20, 2007, Asset Acquisitions filed a motion for default judgment on its claim against Gettis. On August 9, 2007, the trial court denied the motion for default judgment, finding that Asset Acquisitions was not entitled to a judgment because the charge-off statement attached to the complaint that Asset Acquisitions filed fails to comply with Civ.R. 10(D). On its own motion, the court also ordered Asset Acquisitions to file a more definite statement, in the form of a copy of the account on which its claim was brought, on or before 4:00 p.m. on August 31, 2007. Alternatively, the court ordered Asset Acquisitions to show cause on or before that date and time why the complaint that was filed should not be dismissed.

{¶ 8} Asset Acquisitions asked for an extension of time to comply with the court's orders on August 31, 2007. The court granted the motion on September 20, 2007, allowing Asset Acquisitions until November 16, 2007, to comply with the court's order of August 9, 2007.

{¶ 9} A judgment entry was approved and submitted by counsel for Asset Acquisitions and signed by a different judge of the trial court and filed on October 12, 2007, granting the motion for default judgment against Gettis. The record does not reflect that Asset Acquisitions complied with the prior order of August 9, 2007, requiring Asset Acquisitions to file a more definite statement or show cause why its complaint should not be dismissed.

{¶ 10} Gettis filed a notice of appeal from the October 12, 2007 default judgment on January 22, 2009. The notice was filed long after the 30–day time limit of App.R. 4(A) had expired. We have held that the notice was nevertheless timely filed because the clerk failed to comply with the notice requirements of Civ.R. 58(B).

{¶ 11} Gettis appears pro se in this appeal. His appellate brief consists of a single paragraph, which states:

{¶ 12} "I do not think this case should be dismissed. The plaintiff have not provided any information to show who made the charges with this credit card. No billing statement were presented nor sent to me through the court mail.

* * * I would like to make sure through statements and/or receipts, that I was the one making charges on the card. So with the lack of proof that I, Kenneth Gettis, have even did the offense. I believe that the court should not dismiss this case."

{¶ 13} Gettis's contentions implicate the merits of the claims for relief that Asset Acquisitions presented in the action. Ordinarily, such contentions are forfeited as error by a defendant who fails to file an answer or other responsive pleading to a complaint.

{¶ 14} The purpose of the requirement to attach an account imposed by Civ.R. 10(D) is to exemplify the basis of the particular claim for relief alleged, in order to confine the issues in the action to matters related to the course of dealings between the parties the attachment portrays. The written instrument or account that Civ.R. 10(D) requires a plaintiff to attach to a complaint on an account "is the best evidence of the transaction and becomes a part of the complaint for all purposes." *Point Rental Co. v. Posani* (1976), 52 Ohio App.2d 183, 185, 6 O.O.3d 171, 368 N.E.2d 1267.

{¶ 15} The defect found by the trial court in the attachment to the complaint rendered Asset Acquisitions' complaint insufficient to require a responsive pleading by Gettis. The remedy for that problem is a motion for a more definite statement. *Point Rental Co.*; *Castle Hill Holdings, L.L.C., v. Al Hut, Inc.*, Cuyahoga App. No. 86442, 2006-Ohio-1353, 2006 WL 726911.

{¶ 16} Civ.R. 12(E) states:

{¶ 17} "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement *before interposing his responsive pleading.* The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within fourteen days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just." (Emphasis added.)

{¶ 18} The relief ordered by the court on August 9, 2007, requiring Asset Acquisitions to attach a more definite statement of the account to its complaint or show cause why its complaint should not be dismissed, was ordered by the court pursuant to Civ.R. 12(E), on the court's own motion. By ordering that relief, and according to Civ.R. 12(E), the court relieved Gettis of his duty to "interpos[e] his responsive pleading" to the complaint that Asset Acquisitions had filed.

{¶ 19} Asset Acquisitions had not complied with the August 9, 2007 order when, on October 12, 2007, the trial court granted the motion for default

judgment, which alleged that Gettis failed to file a pleading responsive to its complaint. Because Gettis was relieved of that duty by the court's intervening August 9, 2007 order, the trial court erred when it granted Asset Acquisitions' motion for default judgment.

{¶ 20} The assignment of error is sustained. The default judgment from which the appeal is taken will be reversed and vacated, and the cause will be remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

DONOVAN, P.J., and FAIN, J. concur.