[Cite as *Tax Ease Ohio, L.L.C. v. Jones*, 2017-Ohio-9053.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TAX EASE OHIO, LLC | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27687 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-2543 |
| | : | |
| ETI JONES, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 15th day of December, 2017.

. . . . . . . . . .

DANIEL A. FRIEDLANDER, Atty. Reg. No. 0011909, 323 West Lakeside Avenue, Suite 200, Cleveland, Ohio 44113
      Attorney for Plaintiff-Appellee

ETI JONES, 5090 Altrim Road, Dayton, Ohio 45417
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Eti Jones appeals, pro se, from a judgment of the Montgomery County Court of Common Pleas granting default judgment on the complaint in foreclosure filed by plaintiff-appellee Tax Ease, L.L.C. ("Tax Ease"). Because we conclude that the trial court did not abuse its discretion in granting the default judgment, we affirm.

## I. Procedural History

{¶ 2} On May 30, 2017, Tax Ease filed a complaint in foreclosure against Jones in relation to her real property located at 5090 Altrim Road in Dayton. In the complaint, Tax Ease alleged that it was the purchaser and current holder of tax certificates, by which it had acquired the first lien, previously held by Montgomery County, for the amount of delinquent taxes, assessments, interest, and penalties charged against the property. Among other relief, Tax Ease asked for a determination of the amounts due on the certificates plus interest, an order of sale directing the sheriff to conduct a sale of the property with certain conditions, and an order directing that proceeds from the sale be applied to satisfy the amounts owed to it. Service was perfected on Jones on June 3, 2017. Jones did not file an answer, and on July 21, 2017, Tax Ease filed a motion seeking default judgment. The trial court entered default judgment and issued a Decree in Foreclosure. Jones appeals.

## II. Analysis

{¶ 3} We begin by noting that Jones's appellate brief fails to conform to App.R.

16(A)(3) which requires that an appellate brief contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." A review of her appellate brief demonstrates that Jones fails to raise any objections or concerns regarding the validity of the default judgment. Rather, she states that she believes the real estate taxes assessed upon the subject property were too high. She further contends that she contacted Tax Ease to inform them that she planned to make payments once she received a "small settlement coming in due to an automobile accident." She attached a copy of what appears to be text messages between her and her personal injury attorney regarding the settlement. Finally, she claims that she received the settlement monies the same day that default judgment was entered.

{¶ 4} Civ.R. 55(A) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." A trial court's grant or denial of a motion for default judgment will not be reversed absent an abuse of discretion. *Equable Ascent Fin., L.L.C. v. Christian*, 196 Ohio App.3d 34, 2011–Ohio–3791, 962 N.E.2d 322, ¶ 6 (10th Dist.). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. A decision is unreasonable if there is no sound reasoning process that would support that decision. It

is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 5} In Ohio, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002–Ohio–3803, ¶ 20. In this case, Jones failed to answer the complaint, to otherwise defend, or to make any type of appearance before the trial court. And on appeal, she fails to set forth any argument relevant to the entry of the default judgment. Furthermore, "[a]n appellate court is limited to reviewing the record, and will disregard alleged facts that are not of record in the trial court." (Citations omitted.) *Chase Manhattan Mtg. Corp. v. Locker,* 2d Dist. Montgomery No. 19904, 2003–Ohio–6665, ¶ 10. Thus, we cannot consider her arguments regarding the tax assessment on her property or her conversations with Tax Ease as neither of these issues are set forth in the record before us.

{¶ 6} We do note that Civ.R. 55(B) states that "if a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)." "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d

113 (1976), paragraph two of the syllabus. A year has not yet elapsed from the time that the default judgment was entered against Jones. Therefore, if she believes that grounds exist for setting aside the default judgment, she may file a motion with the trial court, setting forth reasons why the default judgment should be set aside. We express no opinion on the merits of such a motion.

{¶ 7} We conclude that, on this record, the trial court did not abuse its discretion in granting the motion for default judgment. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Daniel Friedlander
Eti Jones
Michele Phipps
Hon. Erik Blaine