[Cite as *Tax Ease Ohio, L.L.C. v. Lucas*, 2018-Ohio-3075.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TAX EASE OHIO, LLC | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27836 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-103 |
| | : | |
| JESSE R. LUCAS, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of August, 2018.

. . . . . . . . . . .

DANIEL A. FRIEDLANDER, Atty. Reg. No. 0011909, 323 West Lakeside Avenue, Suite 200, Cleveland, Ohio 44113
        Attorney for Plaintiff-Appellee

JESSE R. LUCAS, 1822 Gummer Avenue, Dayton, Ohio 45403
        Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Jesse R. Lucas, appeals pro se from a judgment of the Montgomery County Court of Common Pleas ordering the forfeiture of real property to plaintiff-appellee, Tax Ease Ohio, LLC ("Tax Ease"), pursuant to R.C. 5721.40. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} On January 8, 2016, Tax Ease filed a complaint for foreclosure of real property located at 1822 Gummer Avenue in Dayton, Ohio. The property owner, Lucas, was personally served with the complaint on January 16, 2016. Lucas, however, failed to file a responsive pleading and failed to respond to a subsequent motion for default judgment filed by Tax Ease on February 29, 2016. As a result, on March 4, 2016, the trial court issued a judgment entry ordering the foreclosure of the property.

{¶ 3} After the order of foreclosure, two attempts were made to sell the property at a Sheriff's sale, but the property went "unsold for want of bidders." As a result, Tax Ease filed a motion for forfeiture pursuant to R.C. 5721.40, to which Lucas did not file a response. On November 28, 2017, the trial court issued a judgment entry ordering the property be forfeited to Tax Ease. Approximately a month later, on December 19, 2017, Lucas filed a timely notice of appeal from the forfeiture order.

{¶ 4} In support of his appeal, Lucas filed a casual three-paragraph document that fails to conform in nearly every respect with the requirements for appellate brief writing in App.R. 16(A). Namely, Lucas failed to set forth any assignment of error for our review as required by App.R. 16(A)(3). While this court may disregard Lucas's purported brief for its failure to comply with the basic procedural requirements of App.R. 16(A), *Holfinger v. Stonespring/Carespring*, L.L.C., 2d Dist. Montgomery No. 27091, 2016-Ohio-7982,

¶ 27-28, we will nevertheless briefly comment on Lucas's arguments.

{¶ 5} Lucas claims that the forfeiture order should be reversed for several reasons. The first is that he lost his job and was unable to pay the real estate taxes on his property. Lucas also claims that he tried to make payment arrangements with Tax Ease, but "they were never attainable amounts."  As a result, Lucas contends that the forfeiture order should be overturned due to his financial instability and his inability to meet the standard payment arrangements, which Lucas requests more time to satisfy.

{¶ 6} Lucas's arguments lack merit for several reasons.  First, his arguments do not constitute a defense to the failure to pay taxes.  *Hall v. Maynard*, 10th Dist. Franklin No. 93APE09-1258, 1994 WL 49790, *1-2 (Feb. 15 1994) (taxes must be paid even when the property owner does not receive a tax bill).  Second, Lucas's arguments refer to matters outside the record, which this court may not consider.  *See Tax Ease Ohio, LLC v. Jones*, 2d Dist. Montgomery No. 27687, 2017-Ohio-9053, ¶ 5 (court unable to consider appellant's arguments regarding the tax assessment on her property or her conversations with Tax Ease because neither of these issues were set forth in the record before the court).  Finally, Lucas failed to raise his arguments before the trial court, as the instant appeal is the first time Lucas made an appearance in the matter.  "It is settled law that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be addressed."  *State v. Schneider*, 2d Dist. Greene No. 95-CA-18, 1995 WL 737910, *1 (Dec. 13, 1995), citing *State v. Coleman*, 37 Ohio St.3d 286, 294, 525 N.E.2d 792 (1988).   (Other citation omitted.)

{¶ 7} For the foregoing reasons, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.


Copies mailed to:

Daniel A. Friedlander
Jesse R. Lucas
Federal Home Loan Mortgage Corp.
Montgomery County Treasurer
State of Ohio Dept. of Taxation
Hon. Timothy N. O'Connell