[Cite as *Fifth Third Bank v. Riley*, 2019-Ohio-4700.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| FIFTH THIRD BANK, AN OHIO BANKING CORPORATION | : | |
| | : | |
| | : | Appellate Case No. 28365 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2019-CV-408 |
| v. | : | |
| | : | (Civil Appeal from |
| MICHAEL D. RILEY | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of November, 2019.

. . . . . . . . . . .

STEVEN SORG, Atty. Reg. No. 0059929, 6725 Miami Avenue, Suite 100, Cincinnati, Ohio 45243
    Attorney for Plaintiff-Appellee

MICHAEL D. RILEY, 6090 White Oak Way, Dayton, Ohio 45424
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Michael D. Riley appeals from a "Default Judgment Entry" in favor of Fifth Third Bank ("the Bank") in the amount of $22,263.51, plus fees and interest. We hereby affirm the judgment of the trial court.

{¶ 2} The Bank filed its complaint against Riley on January 25, 2019, alleging that the bank was the holder of a promissory note that Riley executed and delivered and upon which he had defaulted. A copy of the May 1, 2001 promissory note was attached to the complaint; the note was in the amount of $28,000, and Riley and Laura K. Riley were identified as the borrowers. The complaint alleged breach of a promissory note (Count I) and "Account Stated" (Count II); it pled unjust enrichment in the alternative (Count III). An "Installment Loan History" for the promissory note was also attached to the complaint.

{¶ 3} The court's docket reflects that a summons on the complaint was issued to Riley at a White Oak Way address in Dayton on January 28, 2019. The summons informed Riley that he was required to serve the plaintiff or the plaintiff's attorney with an answer within 28 days of receipt of the summons and to file an answer with the clerk's office within three days of service on the plaintiff or plaintiff's attorney. The summons further stated, in bold print: "If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint." The court's docket further reflects that service to Riley was successful via "Civil FedEx Service" on January 31, 2019, at the White Oak Way address, having been signed by "G. Grable."

{¶ 4} On March 1, 2019, the trial court issued a "Notice (Default)" to the Bank, which provided:

A review of the file in this action indicates that service has been

perfected on defendant(s). The defendant(s) Michael D. Riley is in default for answer or appearance.

Please review your file to ascertain whether or not default proceedings pursuant to Civil Rule 55 are in order at this time. Should there be some valid reason why default judgment cannot be taken at this time, inform the Court.

Failure to respond to this notice within fourteen days may result in the administrative dismissal of this action.

{¶ 5} On March 22, 2019, the Bank filed a motion for default judgment, to which it attached an affidavit and supporting documentation. The trial court entered default judgment in favor of the Bank on April 2, 2019.

{¶ 6} Riley filed a pro se notice of appeal and brief. We note that the Bank did not file a responsive brief. We further note that our appellate file contains correspondence from Riley, dated May 29, 2019, in which he requested an extension of time to file his brief and asserted that, although he received notice that a judgment was being entered against him, he had "never been afforded the opportunity" to state his case and "explain why this judgement [was] not [his] debt, but the debt of [his] deceased wife, who's estate was declared insolvent."

{¶ 7} In his pro se brief, Riley raises two "Points." In his first "Point," Riley asserts:

I contacted an attorney who looked up this case, and it shows I was served papers via FedEx on January 19th, 2019 telling me there would be a trial on this matter. I don't even think I was home on January 19th, but I know for sure I never signed for anything from FedEx. I have not received notice,

therefore was unable to defend myself against these false allegations.[1]

**{¶ 8}** In his second "Point," Riley asserts:

On her death bed, my deceased wife admitted she had taken a second mortgage out in my name years ago. She didn't give me any details about how she was able to do it, but when she asked me years earlier if we could take a second mortgage out on our home to pay off her school loans and I absolutely refused, she did it anyway, without my knowledge or consent.

**{¶ 9}** As this Court has noted:

Civ.R. 4.1(A)(1)(b) allows the clerk of courts to "make service of any process by a commercial carrier service utilizing any form of delivery requiring a signed receipt." "Valid service of process is presumed when the envelope is received by any person at the defendant's residence; the recipient need not be the defendant or an agent of the defendant." (Citations omitted.) *LVNV Funding, Inc. v. Burns*, 2d Dist. Clark No. 2013 CA 67, 2014-Ohio-732, ¶ 14. *See also Brownfield v. Krupman*, 10th Dist. Franklin No. 14AP-294, 2015-Ohio-1966, ¶ 16 ("Notably, Civ.R. 4.1(A) does not require that delivery is restricted to the defendant or to a person authorized to receive service of process on the defendant's behalf."). * * *

*Jardine v. Jardine*, 2d Dist. Montgomery No. 27845, 2018-Ohio-3196, ¶ 8.

**{¶ 10}** As this Court has previously noted:

Civ.R. 55(A) provides that "[w]hen a party against whom a judgment

---

[1] We note that nothing in the record substantiates that the Bank served or attempted to serve Riley on January 19, 2019, which was before the complaint was filed.

for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."   A trial court's grant or denial of a motion for default judgment will not be reversed absent an abuse of discretion.   *Equitable Ascent Fin., L.L.C. v. Christian*, 196 Ohio App.3d 34, 2011-Ohio-3791, 962 N.E.2d 322, ¶ 6 (10th Dist.). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted).   It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

In Ohio, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants."   *Yocum v. Means,* 2d Dist. Darke No. 1576, 2002-Ohio-

3803, ¶ 20.   * * *   Furthermore, "[a]n appellate court is limited to reviewing the record, and will disregard alleged facts that are not of record in the trial court." (Citations omitted.) *Chase Manhattan Mtg. Corp. v. Locker*, 2d Dist. Montgomery No. 19904, 2003-Ohio-6665, ¶ 10.

*Tax Ease Ohio, LLC v. Jones*, 2d Dist. Montgomery No. 27687, 2017-Ohio-9053, ¶ 4-5.

{¶ 11} As the trial court noted, the court's docket reflects that service was perfected pursuant to Civ.R. 4.1(A)(1)(b).   We note that Riley does not assert that the White Oak Way address was not his proper address, only that he may not have been home on January 19th.   However, the summons was signed by G. Grable on January 31, 2019. Riley's notice of appeal lists the White Oak Way address.   Riley's first "Point" accordingly lacks merit.

{¶ 12} The facts set forth in Riley's second "Point" regarding his late wife allegedly executing a second mortgage without his knowledge are not of record in the trial court, and we will accordingly disregard them.   As in *Jones*, Riley "failed to answer the complaint, to otherwise defend, or to make any type of appearance before the trial court." *Id.* at ¶ 5.   Riley's summons advised him that failure to appear and defend may result in a default judgment against him, and while the trial court provided notice on March 1, 2019, to the Bank that Riley was in default for answer or appearance, the Bank's motion for default judgment provided that it was served on March 20, 2019 to Riley at the White Oak Way address.   Based upon the foregoing, we cannot conclude that the trial court abused its discretion in granting a default judgment in favor of the Bank.   Riley's "Points," which we construe as assignments of error, are overruled.

{¶ 13} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Steven Sorg
Michael D. Riley
Hon. Steven L. Dankof